**08 C 1311**

**FILED**
**MARCH 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE HART**
**MAGISTRATE JUDGE VALDEZ**

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND<br><br>Plaintiffs,<br><br>v.<br><br>R & W CLARK CONSTRUCTION, INC. a dissolved corporation and RICK CLARK individually and d/b/a R & W CLARK CONSTRUCTION, INC.<br><br>Defendants. | CIVIL ACTION<br><br>**LCW** |

## COMPLAINT

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, Daniel P. McAnally, complain of the Defendant, R & W CLARK CONSTRUCTION, INC. a dissolved corporation and RICK CLARK individually and d/b/a R & W CLARK CONSTRUCTION, INC., ("Defendants") as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising there under.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST

ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

     3.     The Defendants are employers engaged in an industry affecting commerce which entered into Agreements which require Defendants to pay fringe benefit contributions to the Trust Funds.

     4.     Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

     5.     The Defendants must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

     6.     The Defendants breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports to the Trust Funds for the period October 2007 through the present and by failing to pay liquidated damages on previously submitted contributions.

     7.     Plaintiffs have complied with all conditions precedent in bringing this suit.

     8.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

     9.     Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

     10.     Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

     11.     Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a)    double interest on the unpaid contributions; or

    b)    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

WHEREFORE, Plaintiffs pray:

a) That the Defendants be ordered to submit fringe benefit reports and pay contributions for the months October 2007 through the present.

b) That the Plaintiffs be allowed to submit as estimate of the amount of contributions due.

c) That the Defendants be ordered to pay liquidated damages pursuant to the Trust Agreements.

d) That the Defendants be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

e) That the Defendants be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

f) That the Defendants be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

g) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

                                          By:    s/ DANIEL P. McANALLY

                                                  ATTORNEY for TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al.

Whitfield McGann & Ketterman  
111 East Wacker Drive, Suite 2600  
Chicago, IL 60601  
Phone: 312/251-9700